IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0346 |
| | : | |
| NORMAN BAEHR, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                            **FEBRUARY 8, 2019**

      Plaintiff Jimi Rose, proceeding *pro se*, has filed this civil action against Norman Baehr, Mark Atkins, Paul Atkins, Colebrookdale Township, Paul Labe, and LTL Consultants. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Marshal Service (ECF No. 3). For the following reasons, the Court will grant Rose leave to proceed *in forma pauperis*, dismiss his Complaint with leave to amend, and deny his Motion for Marshal Service at this time.

### I.     PROCEDURAL HISTORY AND FACTS

      On October 19, 2018, Rose filed a complaint against the Defendants in the Court of Common Pleas for Berks County. *Rose v. Baehr*, Docket No. 18 17580 (Berks Cty. Common Pleas). He also filed a request to proceed *in forma pauperis*. *Id.* The matter was assigned to Judge Timothy J. Rowley. *Id.* By Order entered on October 30, 2018, Judge Rowley granted Rose's request to proceed *in forma pauperis* with respect to prothonotary filing fees and the e-filing fee. *Id.* Subsequently, Rose filed a "Motion/Petition for Special Service through the Berks County Sheriff's Office." *Id.* By Order entered on November 29, 2018, Judge Rowley denied that motion. *Id.* On December 17, 2018, Rose filed a Praecipe to Reinstate Complaint, and his complaint was reinstated. *Id.* That same day, he filed a "Motion/Petition for/to Set Aside a

Court Order dated 11/28/18 and Motion to Show Cause Why a Black Man is Being Treated Differently from What the Law Allows and in Particular the United States Constitution." *Id.* The public docket shows that proceedings in this matter are still pending.

Rose filed the instant Complaint with this Court on January 14, 2019. He contends that he was "blatantly denied access to [the] State Court" by Judge Rowley because he "told [Rose] that he can only be partially poor and in that the plaintiff could file his pleading as a poor man but under no uncertain terms could [he] file his pleading to be served upon White People that had injured him." (Compl. at 2.)[1] Rose states that because of "this brutal outrageous Court Order of Judge Rowley [he] is now forced to go to [t]his Court." (*Id.* at 3.)

Rose states that on February 28, 2017, he "was invited down to the home office of defendant Norman Baehr, who along with his business partner Mark Atkins operate[s] a used-car business" in Bechtelsville, Pennsylvania. (*Id.* at 6.) Baehr showed Rose "a black Volvo that did not start." (*Id.*) Rose was not interested in the Volvo but was instead interested "in a blue Ford truck or other trucks." (*Id.*) Baehr "stated that he would have to consult with his business partner Mr. Mark Atkins in order to give the plaintiff a price." (*Id.*)

Rose was invited into Baehr's office/trailer for that purpose. (*Id.*) He states that the "area was pitch black [and] there [were] no lights whatsoever except the light coming from the trailer which was a kitchen light." (*Id.* at 7.) Rose could not see where he was walking, and Baehr had to lead him up the steps of the motor home. (*Id.*) Once inside, "it was so hot that [Rose] could not bear being inside of the place." (*Id.*) Rose told Baehr that "he was claustrophobic and that the fumes [were] making [him nauseous] and that [he] needed to leave." (*Id.*) Rose "attempted to go outside," took two steps, and then, on the third step, "went straight to the ground with his right leg being pinned behind his back and he hit his head on the metal

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

steps." (*Id.*) He alleges that Baehr did not offer medical assistance and did not offer to take him to the nearest hospital. (*Id.*) Rose also contends that Baehr told him to think before filing a lawsuit because "his business partner Mark A[t]kins has some of the State court judges in Berks County in his pocket." (*Id.*) Rose subsequently went to a hospital and to see a doctor. (*Id.*) He states that he had to have special shots in his knee because of his diabetes, and that X-rays showed that he "suffered a slight fracture from his bone being chipped on his knee as a result of the fall." (*Id.* at 9.)

Shortly thereafter, Rose "went down to the township of Colebrookdale and explained to the staff there what happened to him." (*Id.* at 8.) He was told he would need to speak to Paul Labe, the township inspector. (*Id.*) When Labe arrived, Rose "explained his story and told [him] what had happened to him." (*Id.*) Labe told Rose that "if there is a trailer there it was there illegally and it was at this time Paul Labe gave [Rose] an official document stating that the trailer motorhome was there illegally." (*Id.*) Labe told Rose that he "would personally go check out the site to see if whether or not the trailer was there with a permit and if it was not he was going to give Mr. A[t]kins the property owner a citation." (*Id.*)

Rose later discovered that Labe "never did what he promised . . . he would do." (*Id.*) Rose states that all Labe did "was make a phone call to Mr. Atkins or his brother Paul Atkins who informed this inspector over the telephone that they did not have a trailer on the property ever, and that Norman their business partner did not have an office at that location, in the form of a trailer." (*Id.*) Rose states, however, that "photographs taken at the car lot clearly depict the trailer where [he] fell." (*Id.*)

Based on these allegations, Rose indicates that he is raising claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, for violations of his First, Fifth,[2] Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at 2.) He seeks compensatory and punitive damages. (*Id.* at 15.)

## II. STANDARD OF REVIEW

The Court will grant Rose leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Rose's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Because Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. The Court Cannot Conclude at This Time Whether Abstention is Proper

As noted above, Rose states that he initially filed this matter in the Court of Common Pleas for Berks County but has been forced to come to this Court because of Judge Rowley's rulings in the state court action. (Compl. at 2-3.) It is "well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court

---

[2] Because the Defendants are state actors (to the extent that they are), rather than federal actors, the Fifth Amendment is inapplicable here. *See Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d Cir. 2011) (per curiam) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999).

4

having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, the Supreme Court has "recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (quoting *Colorado River*, 424 U.S. at 817). Courts may *sua sponte* consider whether abstention is appropriate. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

"A threshold issue that must be decided in any *Colorado River* abstention case is whether the two actions are 'parallel.'" *Ryan*, 115 F.3d at 196. Generally, cases are parallel "if they involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (quoting *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) (overruled in part on other grounds)). If the two cases are found to be parallel, a court must then consider the following factors to determine whether exceptional circumstances exist to warrant abstention:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999).

At this time, the Court cannot determine whether the two cases filed by Rose are parallel such that *Colorado River* abstention should be considered. The online docket for Rose's state case indicates that he has sued the same individuals in that matter as he has here. *Rose v. Baehr*, Docket No. 18 17580 (Berks Cty. Common Pleas). However, without viewing a copy of the complaint Rose has filed in that matter, the Court cannot determine whether Rose is raising

5

"substantially identical" claims in both actions. Thus, at this time, the Court will not exercise *Colorado River* abstention.

### B. Claims Under 42 U.S.C. § 1981

Rose first suggests that the Defendants' actions violated his rights under 42 U.S.C. § 1981. That section provides:

> **(a) Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> **(b) "Make and enforce contracts" defined**
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> **(c) Protection against impairment**
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. To state a claim under § 1981, a plaintiff must allege that "(1) [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in [section 1981]." *Bailey v. Harleysville Nat'l Bank & Trust Co.*, No. Civ.A. 04-1541, 2005 WL 2012024, at *5 (E.D. Pa. Aug. 22, 2005) (alteration in original) (quoting *Lewis v. J.C. Penney Co.*, 948 F. Supp. 367, 371 (D. Del. 1996)).

As an African-American man, Rose satisfies the first element for a claim under § 1981. The Complaint, however, is devoid of any allegations suggesting that the Defendants intended to discriminate against him based upon his race. Rather, Rose relies on conclusory allegations of generalized racial bias, which are insufficient for the second element. *See id.* (citing *Flagg v.*

*Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992)). Accordingly, Rose's claims under § 1981 must be dismissed.[3]

### C. Claims Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Rose fails to state a plausible claim for relief under § 1983 at this time.

Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, nothing in the Complaint

---

[3] It appears that Rose may be relying on the "full and equal benefit" clause to assert his § 1981 claims, as nothing in the Complaint suggests that the Defendants impaired his rights to "to make and enforce contracts, to sue, be parties, [and] give evidence." Only state actors, however, can be sued under the "full and equal benefits" clause. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001) (citing cases). Here, it appears that Colebrookdale Township and Paul Labe are the only Defendants who are state actors. Nevertheless, as discussed below, Rose's Complaint fails to plausibly allege that the Defendants intended to discriminate against him based upon his race.

7

suggests that Norman Baehr, Mark Atkins, and Paul Atkins are state actors or that they violated Rose's constitutional rights. Accordingly, any § 1983 claims against them will be dismissed.

Rose also fails to state a § 1983 claim against Colebrookdale Township. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, Rose suggests that Colebrookdale Township "maintains a practicing policy that is indifferent to [the] civil rights and liberties of a black man and a senior citizen." (Compl. at 13.) He also alleges that the Township never inspected the property where the trailer was located "**as the law requires this township and its inspectors to do**." (*Id.* at 12.) At this time, however, it is not clear how the Township's alleged failure to follow the law (which Rose does not identify) violated Rose's constitutional rights. Accordingly, Rose fails to state a claim against the Township at this time.

Next, Rose appears to fault Township Inspector Paul Labe for not fully investigating his complaints regarding the trailer. Rose alleges that Labe never inspected the property and never contacted Rose to get copies of the photographs he had taken. (Compl. at 8.) However, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Accordingly, Rose's § 1983 claims against Labe will be dismissed.

8

Finally, Rose has named LTL Consultants as a Defendant, stating that it is a "State agenc[y that was] acting [u]nder Color of State Law." (Compl. at 3.) As an initial matter, nothing in the Complaint suggests how LTL Consultants could be considered to be a state actor pursuant to § 1983. *See Kach*, 589 F.3d at 646. Moreover, nothing in the Complaint describes how LTL Consultants violated Rose's constitutional rights. Accordingly, any § 1983 claims against LTL Consultants will be dismissed.

### D.     Claims Under 42 U.S.C. § 1985

Next, Rose suggests that the Defendants violated his rights under 42 U.S.C. § 1985. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[4] Here, although Rose suggests that the Defendants discriminated against him based on his race, the Complaint, even liberally construed in the light most favorable to Rose, fails to set forth any facts from which a conspiratorial agreement between the Defendants can be inferred. Moreover, it does not allege any facts regarding the role of any of the Defendants in such a conspiracy or any overt acts taken by any Defendant in furtherance of a conspiracy. Thus, Rose's § 1985(3) claims are subject to dismissal.

---

[4] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Rose was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

### E. Claims Under 42 U.S.C. § 1986

Finally, Rose asserts claims pursuant to 42 U.S.C. § 1986. (Compl. at 2.) That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, however, Rose has not failed to allege the existence of a § 1985 conspiracy. Thus, he cannot maintain § 1986 claims against the Defendants. These claims will therefore be dismissed.

### F. State Law Claims

Rose also appears to assert claims pursuant to state law, such as for negligence, against the Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). While Rose seeks over $75,000.00 in damages, the Complaint and his Motion for Marshal Service suggest that all the Defendants are citizens of Pennsylvania. Thus, it appears that complete diversity does not exist. Accordingly, Rose has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Rose's right to file an amended complaint, as set forth in the Order that follows. Rose's Motion for Marshal Service will be denied at this time.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**