# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-0346 |
| NORMAN BAEHR, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                       **MARCH 27, 2019**

By Order dated March 5, 2019, the Court dismissed without prejudice the *pro se* Complaint filed by Plaintiff Jimi Rose and granted him leave to file an amended complaint. Rose filed an Amended Complaint ("AC") on March 22, 2019. (ECF No. 9). For the following reasons, the Court will dismiss the AC with prejudice.

## I. PROCEDURAL HISTORY AND FACTS

On October 19, 2018, Rose filed a complaint — appended as an exhibit to his AC — against these same Defendants in the Court of Common Pleas for Berks County. *Rose v. Baehr*, Docket No. 18-17580 (Berks Cty. Common Pleas). He also filed a request to proceed *in forma pauperis*. *Id.* The matter was assigned to Judge Timothy J. Rowley. *Id.* By Order entered on October 30, 2018, Judge Rowley granted Rose's request to proceed *in forma pauperis* with respect to prothonotary filing fees and the e-filing fee. *Id.* The public docket shows that his Complaint was served on March 22, 2019, and proceedings in this matter are still pending. *Id.*

The AC filed by Rose in this Court asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. Rose states that on February 28, 2017, he fell down steps on the premises of Akins Auto Sales in Bechtelsville, Pennsylvania. (AC at 3.) He alleges that Defendant Norman Baehr, along with his business partner Mark Atkins, operates a used-car business at the location

and Baehr also resides there in a "make-shift home." (*Id.* at 4.) He alleges that Defendant Labe and his company, Defendant LTL Consultants, are employed by Defendant Colebrookdale Township to inspect properties, but never inspected the property where Rose allegedly fell. (*Id.*) He alleges that because of

> Labe and his negligence operating at the behest of Colebrookdale Township, Norman Baehr, Mark Akins and Barbara Akins were permitted to implement, construct and place on their property a dwelling that these Defendants knew that they were not given any township permit to have . . and that such a dwelling would cause the public at large to be in danger.

(*Id.* at 5.)

## II. STANDARD OF REVIEW

As the Court previously granted Rose leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) (i) and (ii) requires the Court to dismiss Rose's Complaint if it is frivolous or malicious or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Because Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court finds that Rose has failed to invoke federal question jurisdiction since his federal claims, like those Rose asserted in prior lawsuits, are "wholly insubstantial and frivolous." *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (quoting *Shapiro v. McManus*, ⸺ U.S. ⸺, 136 S.Ct. 450, 455 (2015) (quotation marks omitted in original)). Rose's reference to "Civil Rights Violations," and his citation to "Title 42 SS 1983," do not create a federal question. Despite Rose's bare citations, none of his claims arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, nor does Rose seek a remedy granted by the Constitution or federal law. Rather, Rose asserts a state law negligence claim and his conclusory reference to "civil rights" does not convert his tort claims into constitutional claims. *Id.* (citing *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 261 (3d Cir. 2008) (Jurisdiction does not attach "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction[.]") (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Accordingly, Rose's assertion of federal question under § 1331 is legally baseless.

As noted above, Rose has also filed suit against the same Defendants in the Court of Common Pleas for Berks County. Even if his claim of federal question jurisdiction was not legally baseless, the Court would need to abstain from resolving it. It is "well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, the Supreme Court has "recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial

3

resources and comprehensive disposition of litigation.'" *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (quoting *Colorado River*, 424 U.S. at 817). Courts may *sua sponte* consider whether abstention is appropriate. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

"A threshold issue that must be decided in any *Colorado River* abstention case is whether the two actions are 'parallel.'" *Ryan*, 115 F.3d at 196. Generally, cases are parallel "if they involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (quoting *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) (overruled in part on other grounds)). If the two cases are found to be parallel, a court must then consider the following factors to determine whether exceptional circumstances exist to warrant abstention:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999).

A review of the state court Complaint appended to the AC makes clear that the two cases filed by Rose are parallel. Indeed, they are nearly identical. Applying the listed factors, the Court finds that: the state court Complaint was filed first, and, that Complaint having been served, jurisdiction was obtained; as Rose and all Defendants have addresses in Berks County, that is the more convenient forum; permitting both cases to proceed simultaneously could result in piecemeal litigation; state law controls what is, in reality, a slip and fall case; and there is no suggestion that the state court will not adequately protect the parties' interests. The Court therefore concludes that *Colorado River* abstention is appropriate even if the claim of federal question jurisdiction was not legally baseless.

Finally, the Court previously held that nothing in the original Complaint suggested that Norman Baehr, Mark Atkins, Paul Atkins and LTL Consultants were state actors or that they violated Rose's constitutional rights. Accordingly, any § 1983 claims against them were dismissed. Although they are again named as Defendants, nothing the AC alleges any basis for liability against them under § 1983.

The Court previously held that Rose failed to state a § 1983 claim against Colebrookdale Township, noting that to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. (ECF No. 5 at 8 (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)). Rose has not cured this defect in the AC. The Court also dismissed the claims against Labe finding that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (ECF No. 5 at 8-9 (citing *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam).) This defect also has not been cured by the AC. Because the AC fails to cure the defects previously identified by the Court, Rose has again failed to state a claim against the Defendants. It is subject to dismissal on this alternate ground as well.

IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the AC as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or, in the alternative, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is with prejudice since any further attempt to amend to state a

basis for federal jurisdiction would be futile.